IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUWARD BRAGG, Individually and on behalf of all others similarly situated | § § § § | |
| *Plaintiff,* | § § | Civil Action No. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| LOMA RENTALS, L.L.C. and DOUGLAS FARRELL | § § § | |
| *Defendant* | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

ORIGINAL COLLECTIVE ACTION COMPLAINT

Duward Bragg brings this action individually and on behalf of all current and former Gate Guards (hereinafter "Plaintiff and the Putative Class Members") who worked for Defendant Loma Rentals, L.L.C. and Douglas Farrell (hereinafter "Loma Rentals" collectively), during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

I.
OVERVIEW

1.1  This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2  Plaintiff and the Putative Class Members are current and former Gate Guards who worked for Loma Rentals within the last three years and were paid a day rate but no overtime compensation.

1.3  During this time, Plaintiff and the Putative Class Members were misclassified as independent contractors.

1.4     Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

1.5     Plaintiff and the Putative Class Members were not paid overtime for hours worked in excess of forty (40) hours per workweek.

1.6     The decision by Loma Rentals not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.7     Loma Rentals knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.8     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiff and the Putative Class Members provided security services for long and short-term operations in remote areas.

1.9     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.10    Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Duward Bragg ("Bragg") worked for Loma Rentals within the meaning of the FLSA within this judicial district and within the relevant three-year period. Plaintiff Bragg did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

[2] The written consent of Duward Bragg is attached hereto as Exhibit "A."

2.2    The Putative Class Members are those current and former Gate Guards who work (or worked) for Loma Rentals and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

2.3    Loma Rentals, LLC is a domestic limited liability company doing business in the State of Texas and may be served through its registered agent for service, William G. Hill at 515 Canyon Creek Drive, Richardson, Texas 75080.

2.4    Douglas Farrell is an employer as defined by 29 U.S.C. § 203(d) and, along with Loma Rentals, L.L.C., employed or jointly employed Plaintiff and the Putative Class members. Douglas Farrell can be served at 2404 Canyon Creek Drive, Richardson, Texas 75080.

2.5    Defendants are joint employers pursuant to 29 C.F.R. § 791.1. They dictate the daily activities and requirements that affect Plaintiff and the Putative Class Members' employment. Loma Rentals, L.L.C. by and through employer Douglas Farrell, controls the salary and day rates of Plaintiff and the Potential Class Members who directly or indirectly report to these Defendants. Moreover, these Defendants have the power to hire and fire Plaintiff and the Putative Class Members, supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records. As a result, all Defendants are responsible, both individually and jointly, for compliance with all applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

3.1    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2    This Court has personal jurisdiction over Defendants Loma Rentals, L.L.C. and Douglas Farrell because the cause of action arose within this District as a result of their conduct within this District.

3.3    Venue is proper in the Northern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4    Specifically, Loma Rentals is headquartered in Richardson, Dallas County, Texas, which is located in this District and Division.[3]

3.5    Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1    At all times hereinafter mentioned, Loma Rentals has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2    At all times hereinafter mentioned, Loma Rentals has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3    At all times hereinafter mentioned, Loma Rentals has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

---

[3] A portion of Richardson falls within Collin County, Texas.

4.4     During the respective periods of Plaintiff's and the Putative Class Members' employment by Loma Rentals, these individuals provided services for Loma Rentals that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees of Loma Rentals who provided security services that were directly essential to the production of goods for oil and gas exploration and production companies. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.8     The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former Gate Guards who work (or worked) for Loma Rentals, L.L.C. and Douglas Farrell during the past three years and were paid a day rate and no overtime compensation."

4.9     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Loma Rentals.

## V.
## FACTS

5.1     Plaintiff Bragg worked for Loma Rentals as a Gate Guard from approximately February 2013 until July 2014.

5.2     Plaintiff Bragg was misclassified as an independent contractor and was paid a day rate for each day that he spent working at a job-site.

5.3     Though the nature of Plaintiff Bragg's relationship with Loma Rentals was that of an employer-employee, he did not receive any of the benefits to which an employee is entitled under the FLSA because he did not receive time and a half for all hours worked in excess of forty (40) in a workweek.

5.4     Plaintiff and the Putative Class Members provided guard services and site supervision wherein he, and the Putative Class Members, were tasked with protecting Loma Rentals' clients' assets while maintaining a safe and responsive work environment.[4]

5.5     Plaintiff and the Putative Class Members provided 24/7 access control and maintained logs identifying those individuals who had entered/exited the site. They were required to stay on location while performing these services.[5]

5.6     Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Loma Rentals and its clients. Virtually every job function was pre-determined by Loma Rentals, including the tools to use at a job site, the schedule of work, and related work duties.

5.7     Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

5.8     Loma Rentals determined the hours Plaintiff and the Putative Class Members worked.

5.9     Loma Rentals set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

5.10    Loma Rentals set all employment-related policies applicable to Plaintiff and the Putative Class Members.

---

[4] http://lomarentals.com/site-security/
[5] *Id.*

5.11    Loma Rentals maintained control over pricing and marketing. Loma Rentals also chose equipment and product suppliers.

5.12    Loma Rentals owned or controlled the equipment and supplies Plaintiff and the Putative Class Members used to perform their work.

5.13    Loma Rentals had the power to hire and fire Plaintiff and the Putative Class Members.

5.14    Loma Rentals made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members a day rate with no overtime pay.

5.15    Plaintiff and the Putative Class Members did not employ their own workers.

5.16    Plaintiff and the Putative Class Members worked continuously for Loma Rentals on a permanent full-time basis.

5.17    Loma Rentals, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, Loma Rentals paid operating expenses like rent, payroll, marketing, insurance and bills.

5.18    Plaintiff and the Putative Class Members relied on Loma Rentals for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff and the Putative Class Members worked the hours assigned by Loma Rentals, performed duties assigned by Loma Rentals, worked on projects assigned by Loma Rentals, and worked for the benefit of Loma Rentals' customers.

5.19    Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of hours they were allowed to work, which was controlled by Loma Rentals.

5.20    Loma Rentals improperly classified Plaintiff and the Potential Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class

Members were not in business for themselves. Instead, they were economically dependent upon Loma Rentals for their work.

5.21    Moreover, Plaintiff and the Putative Class Members were not required to have an advanced degree to work for Loma Rentals.

5.22    Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.23    Plaintiff and the Potential Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

5.24    Moreover, Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees.

5.25    Plaintiff and the Putative Class Members worked (and continue to work) long hours. Specifically, Loma Rentals regularly scheduled Plaintiff and the Putative Class Members for a minimum of twelve (12) hours per day and they regularly worked a minimum of 84 hours per week.

5.26    Loma Rentals did not pay any overtime at all for work in excess of forty (40) hours per week.

5.27    Because Loma Rentals did not pay its workers time and a half for all hours worked in excess of forty (40) in a workweek, their pay policies and practices violated (and continue to violate) the FLSA.

## VI.
## CAUSES OF ACTION

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1    Loma Rentals violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Loma Rentals knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3     Loma Rentals knew or should have known their pay practices were in violation of the FLSA.

6.4     Loma Rentals is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Loma Rentals to pay according to the law.

6.6     The decision and practice by Loma Rentals to not pay overtime was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Potential Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

6.9     Other similarly situated employees have been victimized by Loma Rentals' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10     The Putative Class Members are "current and former Gate Guards who work (or worked) for Loma Rentals, L.L.C. and Douglas Farrell during the past three years and were paid a day rate and no overtime compensation."

6.11     Loma Rentals' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12     Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13     The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14     All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are blue-collar workers entitled to overtime after forty (40) hours in a week.

6.16     Loma Rentals employed a substantial number of Gate Guards during the past three years. Upon information and belief, these workers are geographically dispersed, residing and working in cities across the states of Texas and Louisiana. Because these workers do not have fixed work locations, they may work in different cities and states in the course of a given year.

6.17     Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Loma Rentals will retain the proceeds of its rampant violations.

6.18     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19     Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL CURRENT AND FORMER GATE GUARDS WHO WORK (OR WORKED) FOR LOMA RENTALS, L.L.C. AND DOUGLAS FARRELL DURING THE PAST THREE YEARS AND WERE PAID A DAY RATE AND NO OVERTIME COMPENSATION**

## VII.
## RELIEF SOUGHT

7.1     Plaintiff respectfully prays for judgment against Loma Rentals as follows:

a.      For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Loma Rentals to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.      For an Order pursuant to Section 16(b) of the FLSA finding Loma Rentals liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e.      For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f.  For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g.  For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h.  For an Order awarding Plaintiff a service award as permitted by law;

i.  For an Order compelling the accounting of the books and records of Loma Rentals; and

j.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:   /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**